UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| EMERGENCY MEDICAL CARE FACILITIES, P.C., | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | No. _____ |
| BLUECROSS BLUESHIELD OF TENNESSEE,  INC., | ) ) ) | |
| and | ) ) | |
| VOLUNTEER STATE HEALTH PLAN, INC., | ) ) ) | |
| Defendants | ) ) | |

DEFENDANTS' NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1441 AND 1446

Defendants BlueCross BlueShield of Tennessee, Inc. ("BCBST") and Volunteer State Health Plan, Inc. ("VSHP") give notice under 28 U.S.C. §§ 1441 and 1446 of the removal of this action from the Circuit Court for Madison County to the United States District Court for the Western District of Tennessee.  In support of this Notice, the removing defendants would show the following.

1.      This action was filed in the Circuit Court for Madison County, Tennessee, at Jackson, on August 13, 2014 (Case No. -14-208).  The original complaint alleged claims against BCBST only for breach of contract, breach of the covenant of good faith and fair dealing, violation of state statutes, violation of the Tennessee Consumer Protection Act (TCPA), and for declaratory judgment under Tennessee law.  Plaintiff's claims related to its contract to participate

1

N GS 1463775 v2
2824647-000053  01/29/2015

as a network provider under BCBST's BlueCare program, serving enrolled TennCare members in Tennessee.[1]   Specifically, Plaintiff complained of a uniform $50 reimbursement for all nonemergency services delivered to BlueCare members in a hospital emergency department, which was implemented by all MCO's at the direction of the Bureau of TennCare on July 1, 2011.   The original complaint sought class action status.   There were no federal questions presented on the face of the original complaint.

2.      Defendant BCBST filed a motion to dismiss on October 14, 2014.  In that motion, BCBST demonstrated that the uniform reimbursement rate was imposed by BCBST as a state contractor as a matter of state law pursuant to authority granted to the Bureau of TennCare by the 2011 Appropriations Act, 2011 Tenn. Pub. Acts ch. 473.   That motion also argued that the remaining claims failed to state a claim upon which relief could be granted for this and other reasons.   That motion was set for hearing in the Madison County Circuit Court on Friday, January 16, 2015.

3.      On January 6, 2015, Plaintiff filed an Amended Class Action Complaint and a Response in Opposition to Motion to Dismiss.  In that Response in Opposition, Plaintiffs argued

> In Plaintiff's Amended Complaint, which has become the operative pleading, the Group is *not* disputing that the $50 cap on reimbursement for nonemergency professional services was implemented pursuant to the 2011 Appropriations Act, 2011 Tenn. Pub. Ch. 473, as argued by BCBST in its motion to dismiss.  Rather the Amended Complaint acknowledges the existence of that law and sets forth the bases on which the Group is nevertheless entitled to relief, including that the Tennessee law in question is pre-empted by federal law and is inconsistent with pre-existing state law.

Plaintiff's Response in Opposition to Motion to Dismiss (emphasis in original).

---

[1] TennCare is Tennessee's Medicaid managed care demonstration program, under which managed care organizations (MCO's) are paid a monthly per capita fee to manage the health care of enrolled beneficiaries. *See* Tennessee Dept. of Finance and Administration, Bureau of TennCare, TennCare II Operational Protocol (May 2014), available at http://www.tn.gov/tenncare/forms/operationalprotocol.pdf (visited Jan. 23, 2015). Those MCO's in turn contract with medical providers to provide physician, hospital, and ancillary services to the members. *Id*.

N GS 1463775 v2
2824647-000053  01/29/2015

4.      In Plaintiff's Amended Class Action Complaint, it added VSHP, a subsidiary of

BCBST and a party to EMCF's BlueCare Attachment agreement, as a new defendant and made

several new allegations.  Among those new allegations were the following:

> 10.      Moreover, 42 C.F.R. § 438.114(d)(1)(i) requires that Medicaid managed
> care organizations ("MCO") cover and pay for emergency services and
> poststabilitzation care services, and expressly prohibits an MCO from limiting
> what constitutes an emergency medical condition on the "basis of lists of
> diagnoses or symptoms."
>
> . . . .
>
> 24.      BCBSTN's unilateral recharacterization of the services rendered is
> preempted by federal law, and inconsistent with state law, both of which are
> expressly incorporated into the Agreement.  Both federal law and state law
> provide that the determination of whether a condition is an emergency condition
> is made, using the prudent layperson standard, at the time the patient presents at
> the emergency department for a medical evaluation, and not upon a list of final
> diagnosis codes at the end of treatment.
>
> . . . .
>
> 52.      BCBSTN has taken the position that the payment of the $50.00 flat fee for
> the emergency medical services provided by the Group to BlueCare and
> TennCare enrollees that BCCBSTN deems non-emergent is the result of a change
> in state law that they were required to implement.
>
> 53.      However, any such purported change in state law is preempted by federal
> law, which provides that the determination of whether a service is an emergency
> medical service is determined at the time of presentment, requires payment, and
> cannot be limited based on a list of diagnostic codes.  See 42 C.F.R. § 438.114.
>
> . . . .
>
> 55.  Nonetheless, should the Court find that state law required BCBSTN reduce
> the payment made to the Group for emergency medical services rendered by the
> Group to BlueCare and TennCare enrollees, then the Group seeks a declaratory
> judgment that the state law is inconsistent with Tennessee state law and is in
> conflict with and preempted by federal law. . . .

Amended Class Action Complaint ¶¶ 4, 24, 52, 53, 55.

5.      The prayer for relief in the Amended Class Action Complaint asked that the court

N GS 1463775 v2
2824647-000053  01/29/2015

e.  Enter judgment declaring that (1) any state law that sets the payment rate at $50.00 for emergency medical services provided by Plaintiff and all class members is preempted by federal law and inconsistent with Tennessee law;  . . . .

Amended Class Action Complaint p. 13.

6.      The Amended Class Action Complaint of January 6, 2015, states claims arising under the laws of the United States, including Plaintiff's First Cause of Action for breach of contract (which asserts that federal EMTALA and its regulations require additional reimbursement) and Fourth Cause of Action for declaratory judgment, which seeks a ruling that EMTALA and its regulations preempt state law.  These claims present federal questions falling with the district court's federal question jurisdiction under 28 U.S.C. § 1331 and which are removable under 28 U.S.C. §§ 1441 and 1446.

7.      The district court has supplemental jurisdiction over the remaining claims in the Amended Class Action Complaint under 28 U.S.C. § 1367.

8.      This notice of removal has been filed within thirty (30) days of service of a pleading first raising a federal question (the Amended Class Action Complaint of January 6, 2014) and within thirty (30) days of service of process on Defendant VSHP.  Thus, removal is timely under 28 U.S.C. § 1446.

The removing defendants also rely upon their accompanying Notice of Filing, which includes all pleadings previously filed in the Madison County Circuit Court.

N GS 1463775 v2
2824647-000053  01/29/2015

Respectfully submitted,

/s/ Gary C. Shockley
Gary C. Shockley (No. 10104)
TaCara Harris (No. 32148)
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**
Suite 800, 211 Commerce Street
Nashville, TN 37201

gshockley@bakerdonelson.com
tharris@bakerdonelson.com

(615)726-5600 (phone)

Leigh Chiles (BPR 25809)
**Baker, Donelson, Bearman, Caldwell &
Berkowitz, P.C.**
First Tennessee Building
165 Madison Avenue
Suite 2000
Memphis, TN 38103

lchiles@bakerdonelson.com

(901)577-2207 (phone)
(901)577-0875 (fax)


**Counsel for Defendants BlueCross
BlueShield of Tennessee, Inc., and
Volunteer State Health Plan, Inc.**

5

## Certificate of Service

I certify under Rule 5 of the Federal Rules of Civil Procedure that a true and exact copy of the foregoing Notice of Removal was served on the following counsel of record via U.S. Postal Service and electronic mail:

Keith W. Blair
L. Gino Marchetti
Taylor, Pigue, Marchetti & Blair, PLLC
2908 Poston Avenue
Nashville, TN 37203

Gregory A. Brodek
Patricia Rich
Duane Morris
88 Hammond Street, Suite 500
Bangor, ME 004401-4953

Michael Gottfried
Duane Morris
100 High Street, Suite 2400
Boston, MA 02110

This 29th day of January, 2015.

/s/ Gary C.  Shockley
Attorney

N GS 1463775 v2
2824647-000053  01/29/2015